RECEIVED
2005 MAY -9 P 3:06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

OBRA HOGANS,     *
    *
Plaintiff,     *
    *
vs.     *    CASE NO. 2:05-cv-351-F
    *
ROY REYNOLDS; et al.     *
    *
Defendants.     *

## MOTION TO REMAND

COMES NOW the Plaintiff, by and through the undersigned counsel of record, and moves this Court to remand this action to State Court, pursuant to *28 U.S.C.S. §1447(c)*, due to the fact that this case was improperly removed by Defendant Roy Reynolds (hereinafter referred to as, "Defendant Reynolds"). Specifically, Defendant Reynolds is mistaken as to the amount in controversy, which is clearly set out in the Complaint filed by the Plaintiff in State Court. As grounds for remanding this case to State Court, Plaintiff states the following:

1. This action arises from an automobile collision between a vehicle operated by Defendant Reynolds and a vehicle in which Plaintiff was a passenger (please see Plaintiff's Complaint, attached hereto as, "Plaintiff's Exhibit A"). Plaintiff has an estimated $5,923.66 in medical charges, as a result of the collision.

2. Plaintiff is a resident of Georgia and will stipulate that Defendant is a resident of Wyoming (please see "Plaintiff's Exhibit A").

3. However, Plaintiff's claim does not exceed $75,000.00, as required for proper removal to this Court pursuant to *28 U.S.C.S. §1332(a)* ; as Plaintiff's Complaint states,

"Plaintiff demands judgment against Defendant and all Fictitious Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs, for all of the above Counts of his Complaint, to total no more than $75,000.00" (page 9 of Plaintiff's Exhibit A).

  4. Defendant Reynolds attached exhibits to his Notice of Removal, in an attempt to evidence that Plaintiff is claiming an amount in controversy in excess of $75,000.00. In his Notice of Removal, Defendant Reynolds argues that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as shown by Exhibit A to Defendant's Notice of Removal; this exhibit purports to be a "'Demand Package'" from the wife of Plaintiff Obra Hogans" (page 1 of Notice of Removal). First, any amounts contained in the "Demand Package" should be considered as an evidence of an offer to compromise, pursuant to FED. R. EVID. 408, and, therefore, should not be considered by this Court in determining the amount in controversy for purposes of removal. Second, Exhibit A is offered by Defendant without any proper foundation and, therefore, should be excluded from this Court's consideration as hearsay. Third, the content of Exhibit A to Defendant's Notice of Removal does not have any relevance, whatsoever, to any claim being made by Plaintiff Obra Hogans; Exhibit A purports to be from a demand from Velisa L. Hogans, in a letter to State Farm Insurance, dated September 5, 2003, and makes no reference to Plaintiff Obra Hogans (pages 1-4 of Exhibit A to Defendant Reynolds' Notice of Removal). Finally, should this Court consider Exhibit A to Defendant Reynolds' Notice of Removal as evidence as to the amount in controversy in the above-styled action, then Plaintiff would like to point out that the date his Complaint was filed was November 19, 2004, nearly a year after the date on the September 5, 2003 letter contained in Exhibit A to Defendant

Reynolds' Notice of Removal, and, as stated above, Plaintiff, in his Complaint, demanded no more than $75,000.00 for all of the counts contained in his Complaint (Plaintiff's Exhibit A).

WHEREFORE, Plaintiff respectfully requests this Court grant his Motion to Remand and immediately remand this case to the Circuit Court of Barbour County, Eufaula Division, so that this case can be timely tried.

Respectfully submitted this the 9th day of May, 2005.

_____
JOSEPH G. STEWART JR.   STE123
Attorney for Plaintiff

OF COUNSEL:

JOSEPH G. STEWART JR., P.C.
559 South Lawrence Street (36104)
P.O. Box 911
Montgomery, Alabama 36101-0911
(334) 263-3552

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document upon all counsel of record in this case by placing a copy of same in the United States mail, postage prepaid, addressed as follows:

    Ronald G. Davenport
    RUSHTON, STAKELY, JOHNSTON
       & GARRETT, P.A.
    P.O. Box 270
    Montgomery, Alabama 36101-0270

on this the 9th day of May, 2005.

_____
OF COUNSEL

IN THE CIRCUIT COURT OF
BARBOUR COUNTY, ALABAMA
EUFAULA DIVISION

| | | |
|---|---|---|
| OBRA HOGANS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CASE NO.: CV-04-221 |
| | * | |
| ROY REYNOLDS; | * | |
| Fictitious Defendants "A" | * | |
| and/or "B", whether singular | * | |
| or plural, those other | * | |
| persons, corporations, firms | * | |
| or other entities who | * | |
| negligently entrusted the | * | |
| motor vehicle to Defendant | * | |
| Roy Reynolds, which he | * | |
| was operating at the time of | * | |
| the collision made the basis | * | |
| of this Complaint; Fictitious | * | |
| Defendants "C" and/or "D", | * | |
| whether singular or plural, | * | |
| those other persons, corpora- | * | |
| tions, firms or other entities | * | |
| who are liable for | * | |
| Plaintiff's damages pursuant | * | |
| to the doctrines of respondeat | * | |
| superior or agency, all of | * | |
| whose true and correct names | * | |
| are unknown to Plaintiff at | * | |
| this time, but will be | * | |
| substituted by amendment when | * | |
| ascertained; Fictitious | * | |
| Defendants "E" and/or "F", | * | |
| whether singular or | * | |
| plural, the persons, firms, | * | |
| corporations or entities | * | |
| that were responsible for | * | |
| hiring, training, supervising | * | |
| Defendant Roy Reynolds, | * | |
| and who did hire, train, and | * | |



FILED
NOV 19 2004
DAVID S. NIX, CLERK
BARBOUR COUNTY, ALABAMA

1



PLAINTIFF'S EXHIBIT A

supervise Defendant                     *
Roy Reynolds; Fictitious                *
Defendants ''G'' and/or ''H'',          *
whether singular or plural,             *
the persons, firms,                     *
corporations, or entities               *
that were responsible for               *
maintaining the motor vehicle           *
operated by Defendant                   *
Roy Reynolds at the time                *
of the collision made the               *
basis of this action, and               *
who did maintain the                    *
aforementioned motor                    *
vehicle; Fictitious                     *
Defendants ''I'' and/or ''J'',          *
whether singular or plural,             *
the persons, firms,                     *
corporations, or entities               *
whose wrongful conduct                  *
otherwise caused or                     *
contributed to causing the              *
damages sustained by                    *
Plaintiff, all of whose true            *
and correct names are unknown           *
at this time, but will be               *
substituted by amendment when           *
ascertained;                            *
                                        *
    Defendants.                         *



## COMPLAINT

### Statement of the Parties

1.  Plaintiff, Obra Hogans, is over the age of nineteen years and resides in Lithonia, Georgia.

2

2. Defendant, Roy Reynolds (hereinafter "Defendant Reynolds"), is over the age of nineteen years and resides in Huntersville, North Carolina.

3. Fictitious Defendant "A" and/or "B", whether singular or plural, those other persons, corporations, firms or other entities who negligently entrusted the motor vehicle to Defendant Roy Reynolds, which he was operating at the time of the collision made the basis of this Complaint.

4. Fictitious Defendants "C" and/or "D", whether singular or plural, those other persons, corporations, firms, or other entities who are liable for Plaintiff's damages pursuant to the doctrines of respondeat superior or agency, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

5. Fictitious Defendants "E" and/or "F", whether singular or plural, the persons, firms, corporations or entities that were responsible for hiring, training, supervising Defendant Roy Reynolds, and who did hire, train, and supervise Defendant Roy Reynolds.

6. Fictitious Defendants "G" and/or "H" whether singular or plural, the persons, firms, corporations, or entities that were responsible for maintaining the motor vehicle operated

3

by Defendant Roy Reynolds at the time of the collision made the basis of this action, and who did maintain the aforementioned motor vehicle.

7.  Fictitious Defendants "I" and/or "J", whether singular or plural, are those other persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

8.  The amount in controversy exceeds $10,000.00 exclusive of interest and costs.

## Statement of the Facts

9.  On or about November 30, 2002, Plaintiff, Obra Hogans, was a passenger in a motor vehicle being operated by his wife, Velisa Hogans, in the northbound lane of Eufaula Avenue, in Eufaula, Barbour County, Alabama.

10. At the aforementioned time and place, Defendant Reynolds was also operating a motor vehicle in the northbound lane of Eufaula Avenue, in Eufaula, Barbour County, Alabama.

## Count I (Negligence)

11. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

12. At the aforementioned time and place, Defendant Reynolds negligently caused or allowed the motor vehicle he was operating to collide into the rear of the motor vehicle in which Plaintiff Obra Hogans was a passenger.

13. As a proximate consequence of Defendant Reynold's negligence, Plaintiff Obra Hogans was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; he was permanently impaired; he has lost income; and he has been otherwise injured and damaged.

## Count II (Wantonness)

14. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

15. At the aforementioned time and place, Defendant Reynolds wantonley caused or allowed the motor vehicle he was operating to collide into the rear of the motor vehicle in which Plaintiff Obra Hogans was a passenger.

16. As a proximate consequence of Defendant Reynold's negligence, Plaintiff Obra Hogans was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; he was permanently impaired; he has lost income; and he has been otherwise injured and damaged.

Count III (Negligent Entrustment)

17. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

18. Prior to the date of this collision, Defendant Reynolds had a series of moving traffic violations and accidents.

19. With knowledge of the above, Fictitious party "A" and/or "B" negligently entrusted their vehicle to Defendant Reynolds.

20. As a proximate consequence of the negligence of Fictitious "A" and/or "B", Plaintiff Obra Hogans was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the

6

future; he suffered mental anguish and will continue to do so in the future; he was permanently impaired; he has lost income; and he has been otherwise injured and damaged.

## Count IV (Respondeat Superior)

21. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

22. This Count is based on the Respondeat Superior or agency relationship between Fictitious Defendants "C" and/or "D", in that, at all times material hereto, Defendant Reynolds was acting as agent, employee, or servant of Defendant Fictitious Defendants "C" and/or "D", acting within the line and scope of his employment or acting within the line and scope of his authority.

23. Because Defendant Reynolds was acting within the line and scope of his employment or agency with Fictitious Defendants "C" and/or "D", at all times material hereto, they are liable for his actions.

## Count V (Negligent Hiring, Training, and Supervision)

24. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

25. Fictitious Defendants "E" and/or "F" negligently hired, trained and supervised Defendant Reynolds.

26. As a proximate consequence of the negligence of Fictitious "E" and/or "F", Plaintiff Obra Hogans was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; he was permanently impaired; he has lost income; and he has been otherwise injured and damaged.

### Count VI (Negligent Maintenance)

27. Plaintiff realleges all prior paragraphs of the Complaint, as if fully set out herein.

28. Fictitious Defendants "G" and/or "H" negligently maintained the motor vehicle operated by Defendant Reynolds at the aforementioned time and place.

29. As a proximate consequence of the negligence of Fictitious "G" and/or "H", Plaintiff Obra Hogans was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; he was permanently impaired; he has lost income; and he has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendant and all Fictitious Defendants in such an amount of compensatory and punitive damages as a jury deems reasonable, plus costs, for all of the above Counts of his Complaint, to total no more than $75,000.00.

_____
JOSEPH G. STEWART JR. (STE123)

OF COUNSEL:

JOSEPH G. STEWART JR.
P.O. Box 911
Montgomery, AL 36101-0911
(205) 263-3552

**JURY DEMAND**

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES OF THIS CAUSE.

_____
OF COUNSEL